UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. 3:08cr194 (MRK) |
| | : | |
| LEONARD WIDMAN | : | |

## RULING

Currently pending before the Court is Defendant Leonard Widman's Motion to Dismiss [doc. # 12] the Government's three-count Indictment [doc. # 1], which alleges criminal tax evasion in violation of 26 U.S.C. § 7201 for calendar years 1997, 1998, and 1999.  Mr. Widman argues that his criminal prosecution is time-barred under the six-year statute of limitations that both sides agree is applicable.  In addition, he contends that the Government's filing of the Indictment on September 24, 2008 violates his Fifth Amendment due process right against pre-indictment delay and moreover, that dismissal is warranted under Rule 48(b) of the *Federal Rules of Criminal Procedure*.  For the reasons that follow, the Court denies Mr. Widman's Motion to Dismiss [doc. # 12] without prejudice to his right to renew it in the context of a motion for a judgment of acquittal at trial.

Rule 12(b)(2) of the *Federal Rules of Criminal Procedure* provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Fed. R. Crim. P. 12(b)(2).  As the Second Circuit has explained, "[t]he general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged."  *United States v. Doe*, 63 F.3d 121, 125 (2d Cir.1995); *United States v. Nakouzi*, No. 3:05cr154(MRK), 2005 WL 3211208, at *11 (D. Conn. Nov. 30, 2005).  Ordinarily, therefore, a defendant is not entitled to raise in a pretrial motion a defense to liability for the crimes charged, for "resolution of that question

requires a trial of the general issue." *Doe*, 63 F.3d at 125. Moreover, to the extent that Defendants do not claim a defense but rather challenge the sufficiency of evidence of their criminal intent, that is also not a proper matter for a pretrial motion to dismiss an indictment "[u]nless the Government has made what can fairly be described as a full proffer of the evidence it intends to present at trial." *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998) (sufficiency of evidence as to jurisdictional element of Hobb's Act indictment "not appropriately addressed on a pretrial motion to dismiss an indictment"); *see also United States v. Aleman*, 286 F.3d 86, 92 (2d Cir. 2002) (district court should avoid deciding on a pretrial motion issues relating to a defendant's criminal liability).

First, on the face of the Indictment in this matter, the Government's prosecution of Mr. Widman for criminal violations of 26 U.S.C. § 7201 is not time-barred by the six-year limitations period under 26 U.S.C. § 6531. To establish criminal tax evasion, the Government must prove "'willfulness, the existence of a tax deficiency and an affirmative act of evasion.'" *United States v. Ellett*, 527 F.3d 38, 40 (2d Cir. 2008) (quoting *United States v. Plitman*, 194 F.3d 59, 65 (2d Cir. 1999)). In *Spies v. United States*, 317 U.S. 492, 499 (1943), the Supreme Court stated that "Congress did not define or limit the methods by which a willful attempt to defeat and evade might be accomplished." Further, the Second Circuit has stated that a prosecution under § 7201 "is timely if commenced within six years of the day of the last act of evasion, whether it is the failure to file a return or some other act in furtherance of the crime." *United States v. DiPetto*, 936 F.2d 96, 98 (2d Cir. 1991). As a result, affirmative acts of evasion have been held to include "'any conduct, the likely effect of which would be to mislead or to conceal.'" *United States v. Klausner*, 80 F.3d 55, 62 (2d Cir. 1996) (quoting *Spies*, 317 U.S. at 499).

The Second Circuit has recognized false statements to Treasury representatives and the

Internal Revenue Service ("IRS") as affirmative acts of evasion that may trigger the statute of limitations. *See Klausner*, 80 F.3d at 62. In addition, the Court notes persuasive authority from other circuit courts that likewise have concluded that the six-year limitations period runs from the last act of evasion because such an act falls under the broad "in any manner" language of § 7201 and thus constitutes a crime. *See, e.g.*, *United States v. Thompson*, 518 F.3d 832, (10th Cir. 2008) (limitations period runs from the date of evasive acts subsequent to the filing of a false return because they may be considered part of the offense); *United States v. Hunerlach*, 197 F.3d 1059, 1065 (11th Cir. 1999) (limitations period runs from the last affirmative act of evasion, even if it is six years after the tax due date); *United States v. Wilson*, 118 F.3d 228, 236 (4th Cir. 1997) (affirmative acts of evasion, which can include false statements to the IRS for the purpose of concealing income, must be taken within six years of the indictment); *United States v. Dandy*, 998 F.2d 1344, 1355 (6th Cir. 1993) (limitations period runs from the latest affirmative act of evasion, which can include acts to prevent the IRS from learning of the defendant's tax fraud); *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986) (same).

Although Mr. Widman argues that the affirmative acts of evasion that completed the alleged crimes under § 7201 were his filing of allegedly fraudulent tax returns on November 16, 2000 with respect to Counts One and Two, and on March 27, 2002 with respect to Count Three, the Indictment alleges that Mr. Widman engaged in affirmative acts of evasion as late as August 5, 2004 with respect to each count. *See* Indictment [doc. # 1]; *see also* Gov't Mem. in Opp'n to Def.'s Mot. to Dismiss [doc. # 14] at 2 n.2 (asserting that Mr. Widman made material misrepresentations to IRS special agents on March 28, 2003, April 2, 2003, and August 5, 2004). Because the Indictment alleges that Mr. Widman engaged in willful, affirmative acts of evasion within six years of the filing

3

of the Indictment on September 24, 2008, there is no basis on which the Court can grant Mr. Widman's motion to dismiss for failure to timely file the Indictment. *See, e.g.*, *United States v. Scotto*, No. 06 Cr. 312(HB), 2006 WL 2494430, at *2 (S.D.N.Y. Aug. 29, 2006) ("Here, the Government alleges that it can prove Scotto engaged in an course of conduct to evade payment of taxes for which he was responsible, and that some of those acts fell within the applicable statute of limitations."); *United States v. Feldman*, 731 F. Supp. 1189, 1195 (S.D.N.Y. 1990) ("[T]he government alleges an ongoing course of conduct that constitutes the affirmative act of evasion. In essence, that course of conduct consisted of a series of lies and acts of concealment in respect of both the outside accountant of the Cralin partnerships and employees of the IRS.").

The Court's ruling is not inconsistent with the cases that Mr. Widman cites in his Memorandum in Support of his Motion to Dismiss [doc. # 13]. Those decisions instruct that a crime under § 7201 may be deemed complete on the due date for a particular year's tax return or the filing date of a subsequent false return. This is so because these cases do not include allegations of later acts of evasion, unlike this case. *See United States v. Habig*, 88 U.S. 926 (1968) (lacking allegations of post-filing affirmative acts of evasion); *Sansone v. United States*, 380 U.S. 343 (1965) (same); *United States v. Stella*, 745 F. Supp. 195 (S.D.N.Y. 1990) (under the specific facts of the case, holding that the receipt of a false return triggered the six-year limitations period where no other affirmative acts of evasion were alleged).

Second, Mr. Widman's Fifth Amendment due process and Rule 48(b) challenges also fail at this time because he has not demonstrated actual prejudice or unjustifiable Government conduct. To prevail on a due process claim, a defendant must show "actual prejudice to [his] right to a fair trial *and* unjustifiable Government conduct." *United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir.

1979) (citing *United States v. Lovasco*, 431 U.S. 783, 789-90 (1977) and *United States v. Marion* 404 U.S. 307, 324-35 (1971)). A defendant carries a "heavy burden" to show a pre-indictment delay that violates the Due Process Clause. *Elsbery*, 602 F.2d at 1059.

Under Rule 48(b), a district court "may dismiss an indictment . . . if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." A Rule 48(b) dismissal is an "extraordinary" remedy that requires a defendant to show actual prejudice to his trial rights and unjustifiable government conduct. *See Scotto*, 2006 WL 2494430 at *2 (citing *Elsbery*, 602 F.2d at 1059). In addition, a defendant must "'overcome the presumption of legitimacy that attaches to an indictment brought within the applicable statute of limitations period.'" *Id.* (quoting *Beverly v. Walker*, 899 F. Supp. 900, 909 (N.D.N.Y. 1995)).

Here, Mr. Widman has not stated in his papers what, if any, prejudice he may have suffered as a result of the Government's delay in presenting the case to the grand jury for indictment. At oral argument, Mr. Widman's counsel suggested that he was having difficulty locating certain witnesses, but he has not as of yet established that any relevant witnesses are unavailable or unable to be located. In addition, Mr. Widman has not alleged unjustifiable conduct on the part of the Government, nor responded to the Government's explanation regarding why it waited until September 24, 2008 to file the Indictment in this case. *See United States v. McCoy*, 977 F.2d 706, 711 (1st Cir. 1992) ("[E]ven if the claims of prejudice were sustainable, [the defendant] has not shown that the government intentionally delayed indictment to gain a tactical advantage."). Given the absence of any evidence currently before the Court suggesting actual prejudice or unjustifiable Government conduct, the Court denies Mr. Widman's motion to dismiss for due process violations

and unnecessary delay.

Although the Government ultimately bears the burden at trial of proving its allegations beyond a reasonable doubt, it has sufficiently alleged the essential elements of tax evasion in violation of 26 U.S.C. § 7201 – willfulness, the existence of a tax deficiency, and an affirmative act of evasion – for each of three counts of the Indictment.  In addition, it has alleged that for each of these counts, Mr. Widman engaged in a willful, affirmative act of evasion within the six years preceding the filing of the indictment on September 24, 2008.  The Court therefore denies Mr. Widman's Motion to Dismiss [doc. # 12] without prejudice to renewal in the context of a motion for a judgment of acquittal at trial.

                IT IS SO ORDERED.


        /s/      Mark R. Kravitz
            United States District Judge

**Dated at New Haven, Connecticut: February 19, 2009.**